*Clerk to forward copy to Mr. Persichetti. No further action will be taken by this Court.*

*s/ Judge Raymond J. Dearie*

**U.S. Department of Justice**

**United States Attorney**
**Eastern District of New York**

One Pierrepont Plaza
Brooklyn, New York 11201

Mailing Address: 147 Pierrepont Street
Brooklyn, New York 11201

April 5, 2006

Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Anthony Persichetti
      Docket No.: 94 Cr. 1236(RJD)

Dear Judge Dearie:

    I am writing in response to the Court's order of March 28, 2006 directing the government to respond, by April 18, 2006, to a letter to the Court from the above-referenced petitioner. In the letter, the petitioner requests that the Court initiate a hearing to determine if the petitioner was misled by representatives of the United States Attorney's Office for the District of New Jersey ("DNJ"). Specifically, the petitioner asserts that he was assured by DNJ Assistant United States Attorney Marc Agnifilo that the petitioner would receive a Rule 35 motion in exchange for his cooperation and testimony in a DNJ federal racketeering trial. Petitioner's letter of December 26, 2005 ("the letter"). The petitioner further requests that upon a judicial finding that he was misled by the Assistant U.S. Attorney, that the Court "...do whatever is necessary to correct the gravest injustice that I have suffered." Id. To the extent that the petitioner's request for a hearing concerns an issue previously denied by this Court, to wit: a Rule 35 reduction of sentence, the petitioner's re-submission of the same claim under a different heading warrants no new consideration. To the extent that the petitioner's claim now sets forth allegations of misconduct in a DNJ racketeering trial, the petitioner's letter should be referred to the district court in the District of New Jersey for whatever action that court deems appropriate.

The facts, in relevant part, concern the petitioner's cooperation in the DNJ racketeering trial of Elvis Irizarry. In November 2000, the petitioner was interviewed by the DNJ concerning information that he possessed about a 1993 double homicide in North Bergen, New Jersey. At this meeting, DNJ Assistant U.S. Attorney Marc Agnifilo told the petitioner that he could make no promises concerning what effect, if any, the petitioners' cooperation would have on his sentence but that he would nevertheless advise the United States Attorney's Office for the Eastern District of New York (EDNY) of any cooperation provided. At this meeting and others, AUSA Agnifilo represented that while a letter to the EDNY was promised "at no time" was the petitioner told "that a Rule 35 motion would be made on his would be made on his behalf." (Petitioner's appendix, Agnifilo Affidavit ¶ 9).

On June 28, 2001, the petitioner testified as a government witness at the Irizarry racketeering trial. On July 11, 2001, Irizarry was convicted of seven counts, including racketeering and racketeering conspiracy, and was sentenced to three life terms plus eighty-five years. On October 9, 2001, consistent with their promise to the petitioner, AUSA Agnifilo sent a letter to the EDNY informing the latter of the petitioner's cooperation in New Jersey. The letter specifically acknowledged that it "was not represented to be, nor can it be, a Rule 35 motion." (Agnifilo Affidavit ¶ 14). Notwithstanding the petitioner's cooperation with the DNJ, this office declined to file a Rule 35 motion on the petitioner's behalf reasoning that the petitioner, who had received a 5k letter and a reduced sentence for his cooperation with the government, did not warrant an additional reduction in sentence for his cooperation with the District of New Jersey.[1]

On February 1, 2002, the petitioner, in the absence of a Rule 35 motion by the EDNY, requested that the Court accept the letter from DNJ as a formal Rule 35(b) motion. We opposed this request and argued, inter alia, that any Rule 35 motion was time-

---

[1] On January 23, 1998, the government filed a motion with the Court, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), informing the Court of the petitioner's cooperation and the petitioner received a sentence of imprisonment of 16 years. Because of his cooperation, this sentence was far less than he would have otherwise received pursuant to the sentencing guidelines for crimes that included three murders (Harmon Fuchs, Alex Marines and Frank Signorino), an armed robbery conspiracy and a conspiracy to use extortionate means to collect extensions of credit.

barred and unwarranted as the petitioner's cooperation involved purely historical information known to him prior to sentencing. (Petitioner's appendix, the government's letter of February 15, 2002). On February 19, 2002, the Court agreed with the government's position and denied the petitioner's application finding that the petitioner's request pursuant to Rule 35 was untimely and that the circumstances did not warrant a relaxation of the one-year limitations period. On January 23, 2003, the United States Court of Appeals for the Second Circuit affirmed the Court's decision and dismissed the petitioner's appeal. United States v. Persichetti, 57 Fed.Appx. 465 (2nd Cir. 2003).

In his new submission, the petitioner does not argue, nor can he given the judicial history, that the Court improperly sentenced him or that the Court's decision improperly denied him Rule 35 relief. In fact, the petitioner no longer claims that he was specifically promised a Rule 35 motion since (referring to the DNJ) "they told me they couldn't promise me one only so the defense attorney wouldn't know about it." Letter pg. 1. Instead, the petitioner now argues that misrepresentations by federal prosecutors in New Jersey warrant a judicial inquiry. Specifically, the petitioner alleges that information concerning assurances that were made to him by AUSA Agnifilo was improperly concealed from the district court (the Hon. Nicholas Politan) and from Irizarry's defense counsel.

Assuming arguendo, that the petitioner is correct in his assertions concerning misconduct by the DNJ, notwithstanding compelling evidence to the contrary, these allegations of concealment at the Irizarry trial are better addressed by the district court where the trial occurred and where the witnesses were heard. If a hearing is warranted, the district court in the District of New Jersey can determine if any impropriety occurred at the Irizarry trial and, if there was any concealment of information, whether the information concealed was material to the defense.[2]

Because the petitioner has failed to raise a cognizable issue for this Court, we respectfully submit that his request for relief in the form of a hearing should be summarily denied. To the extent, however, that the Court finds that an issue is raised by

---

[2] Irizarry conviction was affirmed on appeal. United States v. Irizarry, 341 F.3D 273(3rd Cir. 2003). A subsequent 2255 petition alleging ineffective assistance of counsel was denied by the district court. United States v. Irizarry, 2005 WL 3544687 (D.N.J. 2005(Greenaway, J.).

the petitioner's allegations of misconduct and concealment at a federal trial in the District of New Jersey, those allegations are better forwarded to that district for whatever action the district court in the District of New Jersey finds appropriate.

                                          Respectfully submitted,

                                          ROSLYNN R. MAUSKOPF
                                        UNITED STATES ATTORNEY

By: _____
      William Gurin
      Assistant U.S. Attorney

cc:  Clerk's Office

     Anthony Persichetti
     44930-053
     P.O. Box 157
     Watsontown, Pennsylvania 17777